ESTELLE RUDE v. JAMES LARSON AND ANOTHER.

207 N. W. 2d 709.

May 18, 1973—No. 43934.

R. Clark De Veau, for appellant.

*Oppenheimer, Brown, Wolff, Leach & Foster, William P. Studer,* and *Robert C. Onan, Jr.,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Gillespie, JJ.

PER CURIAM.

Plaintiff sought recovery of damages for claimed losses in the sale and purchase of common stock resulting from the alleged negligence of defendant James Larson, a licensed securities broker, and his employer, defendant J. W. Sparks & Co. The jury returned a special verdict finding defendant Larson not negligent and plaintiff contributorily negligent. Plaintiff appeals from the trial court's order denying her motion for a new trial. Since the evidence is undisputed that defendant Larson in no manner deviated from any instructions of plaintiff in her purchase and sale of securities, not only is the verdict justified by the evidence but the court, in response to repeated motions, properly could have directed a verdict in defendants' favor.

While plaintiff's claims and theory of recovery are far from clear upon this record, their essence appears to be that, by reason of plaintiff's age and lack of knowledge in the purchase and sale of stocks, as a claimed "expert investment advisor" defendant Larson should not have recommended her participation in several speculative stock transactions (two of which involved a "straddle" or option contract) which resulted in a loss to plaintiff of some $5,000 because of a decline in the market value of the stocks involved.

Contrary to plaintiff's contention, the evidence established that no more than an oral principal-agent relationship existed between the parties—with all dealings between them being conducted by telephone—and that plaintiff was motivated to engage defendant Larson because of her sister's experience with him of "making money" in the stock market. Furthermore, contrary to plaintiff's argument, a licensed stockbroker is but an agent who is bound to follow the directions of his principal, and it is the judgment of the principal, not the agent, which controls the purchase and sale of stocks. Absent a special agreement to the contrary, a licensed broker owes his customer only the duty to exercise due care in executing all instructions expressly given to him by the principal.[1] He is not a guarantor or insurer against loss sustained by

---

[1] Although the law imposes other duties on a stockbroker such as the duty to avoid fraudulent conduct, 12 Am. Jur. 2d, Brokers, § 140, such additional duty was neither pleaded nor proved at trial and hence has no application in this case.

his customer. See, Drake-Jones Co. v. Drogseth, 188 Minn. 133, 246 N. W. 664 (1933); Meyer, Law of Stock Brokers and Stock Exchanges, §§ 47(b) and 135; 12 Am. Jur. 2d, Brokers, § 122.

Since the trial court's instructions were in accord with the foregoing rules, and the evidence, considered as it must be in the light most favorable to the prevailing party, Coenen v. Buckman Bldg. Corp. 278 Minn. 193, 153 N. W. 2d 329 (1967), clearly supports the findings of the jury that defendant Larson was not negligent, that plaintiff, herself, was contributorily negligent, and that her losses resulted from her own negligence rather than any act of the broker, the decision of the trial court must be and is affirmed.

Affirmed.